UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 08 B 01475 |
| **GRANITE CARTAGE CO.,** | ) | Judge Pamela Hollis |
| | ) | |
| Debtor. | ) | |

### SECOND AND FINAL APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF COSTS OF DLA LLP, U.S. ATTORNEYS FOR PHILIP V. MARTINO, TRUSTEE FOR THE BANKRUPTCY ESTATE OF GRANITE CARTAGE CO.

DLA Piper LLP (US) ("**DLA Piper**"), attorneys for Philip V. Martino, trustee for the bankruptcy estate of Granite Cartage Co., Inc. ("**Trustee**"), pursuant to Section 330 of the United States Bankruptcy Code, requests this Court to enter an order authorizing and directing payment by Trustee to DLA Piper of compensation of $12,101.00 in compensation for 23.2 hours of legal services rendered to the Trustee, and $398.05 in costs incurred since November 1, 2008.

In support of this Final Application, DLA Piper states as follows:

### I. COMMENCEMENT OF PROCEEDING

1. On January 23, 2008, Debtor filed a chapter 11 petition which initiated the above-captioned bankruptcy case.

2. On August 5, 2008, this Court entered an Order allowing for the conversion of this case from a chapter 11 to a chapter 7.

3. On August 6, 2008, the letter appointing Philip V. Martino as Trustee, effective August 5, 2008, was filed and placed on the docket.

4. On September 2, 2008, this Court entered an order allowing Trustee to retain the firm of DLA Piper LLP (US), retroactive to August 5, 2008.

5. The Trustee has sold several vehicles from the estate, The Trustee is currently holding approximately $152,478.69 in his Trustee bank account for this matter.

6. On December 10, 2008, this Court entered an order awarding DLA Piper $5,151.00 in fees for 8.5 hours of work, plus $135.43 in expenses.

7. All professional services for which compensation is requested herein were performed by DLA Piper and on behalf of the Trustee and not for or on behalf of any creditor or any other person. Trustee separately accounts for his services as trustee herein, and does not request interim compensation for those services at this time.

### NATURE OF LEGAL SERVICES PERFORMED BY DLA PIPER LLP (US)

8. DLA Piper has served as counsel for the Trustee at all times during these proceedings. DLA Piper has devoted its time to legal matters in this case, including the following:

#### A. EMPLOYMENT OF PROFESSIONAL PERSONS

9. Since the period covered by the first Application, DLA Piper prepared, drafted and obtained court approval of the first fee application; prepared and drafted the fee petition for Trustee's accountant; and started work on this final application. In connection with these motions, DLA Piper expended 4.4 hours (including 1.0 hour of estimated time in connection with the hearing on the final fee application), for which it requests compensation of $2,826.00. An itemized breakdown of current services rendered to the Trustee is attached hereto as **Exhibit A(1)**. The general breakdown of services rendered in this category is as follows:

| NAME | HOURS |
|---|---|
| Philip V. Martino | 3.60 |
| Deborah M. Gutfeld | .80 |

### B. LIQUIDATION OF ASSETS

10. Debtor's scheduled assets included several trucks, miscellaneous parts and tires and other truck equipment. Through DLA Piper's efforts, the estate has received gross receipts of about $335,558.76. Since the period covered by the first Application, DLA Piper expended 3.9 hours, for which it requests compensation in the amount of $2,593.50. An itemized breakdown of current services rendered to the Trustee is attached hereto as **Exhibit A(2)**. The general breakdown of services rendered in this category is as follows:

| NAME | HOURS |
|---|---|
| Philip V. Martino | 3.90 |

### C. CLAIMS

11. Trustee reviewed and directed DLA to file objections to certain claims. In addition, Trustee instructed DLA to file an objection to Puritan Financial Corporation's $135,438.00 secured claim when Puritan Finance Corporation refused to withdraw the claim. After a series of negotiations and a court hearing, Puritan Financial Corporation's secured claim amount was reduced to $6,261.05 with the balance of the claim reclassified as general unsecured. In connection therewith, DLA Piper expended 10.8 hours, for which it requests compensation in the amount of $4,722.00. An itemized breakdown of current services rendered to the Trustee is attached hereto as **Exhibit A(4)**. The general breakdown of services rendered in this category is as follows:

| NAME | HOURS |
|---|---|
| Philip V. Martino | 2.80 |
| James R. Irving | 8.00 |

### D. GENERAL

12. DLA filed a Motion to Compel for Debtor to appear at the 341 meeting. In addition, DLA reviewed and responded to one secured creditor's stay relief motion and participated in the

hearing of another creditor's substantial contribution motion. In connection therewith, DLA Piper expended 4.10 hours for which it requests compensation in the amount of $1,959.50. An itemized breakdown of current services rendered to the Trustee is attached hereto as **Exhibit A(4)**. The general breakdown of services rendered in this category is as follows:

| NAME | HOURS |
|---|---|
| Philip V. Martino | .20 |
| James R. Irving | 1.30 |
| Deborah M. Gutfeld | 2.60 |

## II. STATEMENT OF LEGAL SERVICES AND EXPENSES

13. Since November 1, 2008, DLA Piper has devoted 23.2 hours to represent the Trustee, and has provided this estate with actual and necessary legal services worth a total of $12,101.00

14. DLA Piper requests reimbursement for expenses in the amount of $398.05. An itemized invoice is attached hereto as **Exhibit B**.

15. Attached as **Exhibit C** is a biographical sketch (including billing rates) of the DLA personnel who performed services on this matter during the term of this Application.

16. Attached as **Exhibit D** is Philip Martino's affidavit in support of the Application.

**WHEREFORE**, DLA Piper LLP (US), counsel for Trustee herein, requests the entry of an order:

A.   Authorizing to DLA Piper compensation in this bankruptcy proceeding in the amount of $12,101.00 for 23.2 hours of actual, necessary and valuable professional services rendered;

B.   Authorizing and directing Trustee to remit payment to DLA Piper in the amount of $398.05 for expenses; and

    C.    For such other and further relief as this Court may deem equitable and just.

Respectfully submitted,

**PHILIP V. MARTINO, as Trustee**

By: /s/ Philip V. Martino
    Philip V. Martino, Trustee

Philip V. Martino (ARDC #6183648)
**QUARLES & BRADY LLP**
300 North LaSalle Street
Suite 4000
Chicago, Illinois 60654
(312) 715-5000



P. Martino
Page: 6

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000002
Invoice # 2475308

Matter:  *Professional Retention*

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 11/05/08 | Work on first fee application (.50). | Martino, Philip V. | 0.50 |
| 11/11/08 | Finalize first interim fee application and exhibits. | Martino, Philip V. | 0.30 |
| 11/14/08 | Finalize first fee application. | Martino, Philip V. | 0.40 |
| 12/09/08 | Prepare for and attend hearing of Interim Fee Application. | Gutfeld, Deborah M. | 0.80 |
| 02/26/09 | Review Debtor's counsel's chapter 11 fee application (.3); memo regarding allowance now but payment when case closes (.1). | Martino, Philip V. | 0.40 |
| 11/30/09 | Review and revise final accountant's and DLA Piper's fee applications. | Martino, Philip V. | 1.00 |
| | **Total Hours** | | **3.40** |
| | **Total Fees** | | **$2,161.00** |

**Timekeeper Summary**

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Martino, Philip V. | Partner | 2.60 | 665.00 | 1,729.00 |
| Gutfeld, Deborah M. | Associate | 0.80 | 540.00 | 432.00 |
| Totals | | 3.40 | | 2,161.00 |

**Total Current Charges**                         $        2,161.00


EXHIBIT A(1)


**DLA PIPER**

P. Martino
Page: 7

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000003
Invoice # 2475308

*Matter:* **Liquidation of Assets**

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 11/04/08 | Review Secretary of State's response to title inquiry (.3); email to Debtor and counsel regarding same (.1). | Martino, Philip V. | 0.40 |
| 11/20/08 | Emails to and from Matsakis regarding missing titles, report of sale and turnover of proceeds (.20). | Martino, Philip V. | 0.20 |
| 11/25/08 | E-mails to/from Matsakis re additional unsold units and need for report of sale (.2); start work on 2nd report of sale (.3). | Martino, Philip V. | 0.50 |
| 12/01/08 | Revise report of sale. | Martino, Philip V. | 0.30 |
| 12/03/08 | Review Paccar low and payoff info, check and cover letter in connection with sale of collateral (.2); e-mails to/from Greer and Matsakis regarding same (.1). | Martino, Philip V. | 0.30 |
| 12/15/08 | E-mails to/from auctioneer and Greer regarding missing title, another report of sale and vacating premises. | Martino, Philip V. | 0.20 |
| 01/05/09 | E-mails to/from auctioneer regarding sale status, vacating premises and related issues (.1); conference with lienholder regarding agreed order allowing release of funds in escrow for Debtor and lienor (.2); conference with Pekkar regarding duplicate title and lien release for closing (.1). | Martino, Philip V. | 0.40 |
| 01/29/09 | Review Auctioneer's report and draft final summary report of sale. | Martino, Philip V. | 0.60 |
| 01/30/09 | Revise 3rd report of sale. | Martino, Philip V. | 0.20 |
| 02/02/09 | Follow up e-mail regarding $20k A/R. | Martino, Philip V. | 0.10 |
| 02/09/09 | Calls to/from and conference with Fred Harbacke regarding 20,000 A/R claim. | Martino, Philip V. | 0.20 |
| 02/18/09 | Review transcript of call from Conti (.1); conference with and e-mail to Harbecke regarding collecting this receivable (.1). | Martino, Philip V. | 0.20 |
| 03/04/09 | Review stay motion and prior e-mails to/from Irving regarding Bank of Commerce A/R collections and additional receivable (.2); conference with Irving regarding | Martino, Philip V. | 0.30 |


EXHIBIT A(2)



P. Martino
Page: 8

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000003
Invoice # 2475308

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| | not attending stay relief motion (.1). | | |
| | **Total Hours** | | **3.90** |
| | **Total Fees** | | **$2,593.50** |

## Timekeeper Summary

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Martino, Philip V. | Partner | 3.90 | 665.00 | 2,593.50 |
| Totals | | 3.90 | | 2,593.50 |

**Total Current Charges**    $    **2,593.50**


**DLA PIPER**

P. Martino
Page: 9

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000004
Invoice # 2475308

*Matter:*  ***Claims***

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 02/05/09 | Start work on objections to priority and secured claims. | Martino, Philip V. | 0.50 |
| 02/09/09 | Review and revise claims objection demand letters. | Martino, Philip V. | 0.20 |
| 02/11/09 | Review stay relief motion (.2); call to/from and conference with Harbecke regarding same, coordinating coverages and related matters (.3). | Martino, Philip V. | 0.50 |
| 02/23/09 | Review and revise objections/notice/order regarding secured claims. | Martino, Philip V. | 0.60 |
| 02/26/09 | Review, revise and approve for filing objections to claims (.4). | Martino, Philip V. | 0.40 |
| 03/06/09 | Review objections to claims; correspondence with Mr. P. Martino. | Irving, James R. | 0.20 |
| 03/30/09 | Review objections to claims and docket to prepare for hearing (.3). | Irving, James R. | 0.30 |
| 03/31/09 | Research whether corporation is entitled to wage priority claim under 507(a)(4) (.7); draft and review motion objecting to claim (.6); conference and correspondence with Ms. C. Greer and Mr. P. Martino (2). | Irving, James R. | 1.50 |
| 03/31/09 | Conference with Irving regarding claims objections (.1); review priority (wage) claim (.1); e-mail to and conference with Irving regarding objections to same (.2). | Martino, Philip V. | 0.40 |
| 04/01/09 | Correspondence with Mr. P. Martino. | Irving, James R. | 0.10 |
| 04/01/09 | Review and revise objection and order to priority claim. | Martino, Philip V. | 0.20 |
| 05/19/09 | Prepare for granite cartage hearing (.2); attend hearing (1.0); correspondence with Mr. P. Martino and conference with Ms. C. Greer regarding outcome of hearing. | Irving, James R. | 1.40 |
| 06/23/09 | Conference call with attorney from City of Chicago regarding Granites accounts receivable. | Irving, James R. | 0.50 |
| 06/17/10 | Conference and correspondence with C. Greer regarding Puritan's misclassified claim. | Irving, James R. | 0.20 |


EXHIBIT A(3)


DLA PIPER

P. Martino
Page: 10

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000004
Invoice # 2475308

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 06/17/10 | Conference and correspondence with C. Greer regarding Puritan's misclassified claim. | Irving, James R. | .20 |
| 07/19/10 | Review docket for revised proof of claim (.1); correspondence with C. Greer and P. Martino to confirm that hearing on Objection to Claim is going forward (.1). | Irving, James R. | .20 |
| 07/20/10 | Prepare for and attend hearing on claims objection (12); negotiate objection with creditor's counsel (.3); correspondence with P. Martino regarding the same (.3). | Irving, James R. | 1.80 |
| 07/26/10 | Draft amended motion in connection with Claim Objection (.4); correspondence with P. Martino and F. Harbecke regarding the same (.2). | Irving, James R. | .60 |
| 07/27/10 | Prepare for and attend hearing on claims objection (1.1); correspondence regarding outcome of hearing with P. Martino and C. Greer (.1). | Irving, James R. | 1.20 |
| | **Total Hours** | | **10.80** |
| | **Total Fees** | | **$4,722.00** |


**DLA PIPER**

P. Martino
Page: 11

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000004
Invoice # 2475308

## Timekeeper Summary

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Martino, Philip V. | Partner | 2.80 | 665.00 | 1,862.00 |
| Irving, James R. | Associate | 4.00 | 325.00 | 1,300.00 |
| Irving, James R. | Associate | 4.00 | 390.00 | 1,560.00 |
| | Totals | 10.80 | | 4,722.00 |

**Total Current Charges** **$4,722.00**


**DLA PIPER**

P. Martino
Page: 11

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000020
Invoice # 2475308

Matter:   *General*

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 11/06/08 | Correspondence with P. Martino regarding Debtor's appearance at 341 (.20); prepare draft Motion to Compel (.50). | Gutfeld, Deborah M. | 0.70 |
| 11/07/08 | Conferences with Gutfeld and review and revise motion to compel attendance. | Martino, Philip V. | 0.20 |
| 11/07/08 | Prepare/finalize Motion to Compel Appearance at 341 meeting (.80); correspondence with C. Greer regarding filing/service (.30). | Gutfeld, Deborah M. | 1.10 |
| 11/18/08 | Prepare for and attend Motion to Compel Debtor's Appearance at 341 Meeting. | Gutfeld, Deborah M. | 0.80 |
| 02/11/09 | Correspondence with P. Martino regarding bank's motion for relief from the automatic stay. | Irving, James R. | 0.10 |
| 02/17/09 | Conference call with P. Martino regarding gearing on February 18 (.1); conference call with attorney regarding substantial contribution (.1). | Irving, James R. | 0.20 |
| 03/04/09 | Conference and correspondence with P. Martino (.3); conference and correspondence with attorney Harbecke relating to his motion (.4). | Irving, James R. | 0.70 |
| 03/12/09 | Review court's calendar hearing notice/motion (.1); teleconference with P. Martino to confirm that I should not attend hearing (.1). | Irving, James R. | 0.20 |
| 03/17/09 | Reviewed motion; conference with C. Greer. | Irving, James R. | 0.10 |
| | **Total Hours** | | **4.10** |
| | **Total Fees** | | **$1,959.50** |


EXHIBIT A(4)


**DLA PIPER**

P. Martino
Page: 12

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000020
Invoice # 2475308

### Timekeeper Summary

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Martino, Philip V. | Partner | 0.20 | 665.00 | 133.00 |
| Gutfeld, Deborah M. | Associate | 2.60 | 540.00 | 1,404.00 |
| Irving, James R. | Associate | 1.30 | 325.00 | 422.50 |
| Totals | | 4.10 | | 1,959.50 |

**Total Current Charges**   $   1,959.50



Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy                                          Page: 2
Invoice # 2475319                                                     August 10, 2010

| Matter # | Matter Name | Current Fees | Current Disb. | Total |
|---|---|---|---|---|
| 000020 | General | 0.00 | 398.05 | 398.05 |
| **Total Current Charges** | | $0.00 | $398.05 | $398.05 |

EXHIBIT B



P. Martino
Page: 3

Granite Cartage Company, Philip V. Martino
as Trustee for Chapter 7 Bankruptcy

August 10, 2010

Matter # 368756-000020
Invoice # 2475319

*Matter:* **General**

**Disbursements:**

| Date | Description | Amount |
|---|---|---|
| 11/21/08 | Title Services - VENDOR: ILLINOIS SECRETARY OF STATE PAYMENT FOR DUPLICATE TITLES (2-ONE FOR 1991 CHEVROLET P30 AND FOR ONE 2002 KENWORTH TRACTOR PV20254 | 130.00 |
| 12/03/08 | Delivery Services -VENDOR: UNITED PARCEL SERVICE * FROM: Philip V. Martino TO: Sharon O'Neill// Paccar Financial//Suite 900//SCHAUMBURG//IL | 11.45 |
|  | Duplicating | 256.60 |
|  | **Total Disbursements** | **$398.05** |
|  | **Total Current Charges** | **$     398.05** |

## BIOGRAPHICAL INFORMATION

**Philip V. Martino** (PVM) graduated from the American University, Washington, D.C. (B.S. B.A. 1979), and the Syracuse College of Law (J.D. 1982). Mr. Martino was admitted to the Illinois Bar in 1982 and was a partner at DLA Piper LLP (US). Mr. Martino's 2007 hourly billing rate was $665.00 and his 2008 and 2009 hourly billing rate was $665.00.

**Deborah Gutfeld** (DMG) was an associate at DLA Piper LLP (US) and concentrates her practice in the areas of bankruptcy and creditors' rights. She has experience representing landlords and enforcing their claims in large retail bankruptcy cases. She has also represented the debtor in large national cases in matters related to professional retention and claims of secured vendors. Ms. Gutfeld has also represented assignees in connection with various assignments for the benefit of creditors. Ms. Gutfeld also has experience handling Chapter 7 bankruptcy cases for creditors and trustees. Her 2008 hourly billing rate was $540.00.

**James R. Irving** (JRI) is an associate with the DLA Piper LLP (US) firm, specializing in the bankruptcy department He graduated from Williams College with a BA in history and received his JD from Vanderbilt University in 2008. Mr. Irving was admitted to the Illinois Bar in 2008. His hourly billing rate for 2009 was $325.00 and his 2010 hourly billing rate is $390.00.

**STATE OF ILLINOIS**

) SS

**COUNTY OF COOK**

I, Philip V. Martino, on oath, state as follows:

1. I am Trustee in the above case and was, until March 26, 2010, a partner in the law firm of DLA Piper LLP (US) (**"DLA Piper"**).

2. This affidavit is submitted in support of DLA Piper's Second and Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses (the **"Application"**).

3. In the ordinary course of DLA Piper's business, the attorneys and paralegals rendering services for a client prepare timesheets at or about the time the services are rendered, which timesheets list the client, matter number, a description of the services rendered and the time spent on such services.

4. In the ordinary course of DLA Piper's business, the information on the timesheets is optically scanned and entered into DLA Piper's computer system.

5. In the ordinary course of DLA Piper LLP's business, a pro forma is generated at the end of each month for each client, which is forwarded to the billing partner for his or her review.

6. In the ordinary course of DLA Piper's business, the billing partner reviews the pro forma.

7. In the ordinary course of DLA Piper's business, a bill is prepared by computer and sent to the client.

8. I have segregated the amount of time expended as Trustee from the amount of time I have expended acting as an attorney in this case.

QB\11040290.1

EXHIBIT D

9.  I personally reviewed the pro formas for this estate each month I was at DLA Piper and am familiar with DLA Piper's efforts in connection with the instant bankruptcy proceeding.

10. I have reviewed Exhibits A and B to the Application, and they are based upon documents as aforesaid, which are made in the ordinary course of DLA Piper's business and it is part of the ordinary course of DLA Piper's business to prepare such documents.

To the best of my knowledge, the information set forth on Exhibits A, B and C and their subparts is true and correct.

/s/ Philip V. Martino
Philip V. Martino

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.